UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTOPHER I. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:23-cv-202 |
| ) | |
| LELAND DUDEK[1], ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [DE 29] filed by Ann M. Trzynka, counsel for the plaintiff, Christopher I. Brown, on February 27, 2025. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Christopher I. Brown, filed an application for Disability Insurance benefits in December 2020. [DE 16]. In March 2021, his claim for benefits was initially denied. Plaintiff requested reconsideration, but, in August 2021, his claim was denied again. Plaintiff requested a hearing, and an administrative law judge ("ALJ") held hearings on March 4, 2022, and July 16, 2022. The ALJ issued an unfavorable decision on September 26, 2022. *Id.* Plaintiff requested review by the Appeals Council, which denied his request on March 23, 2023. *Id.* Plaintiff initiated this action for judicial review of the denial of his application for benefits on May 17, 2023. [DE 1]. This Court entered an Order granting Defendant's motion to remand this matter to the Agency for further proceedings on January 29, 2024. [DE 23].

Plaintiff filed a motion for attorney fees pursuant to the Equal Access to Justice Act

---

[1]Kilolo Kijakazi was the original Defendant in this case. She was sued in her capacity as a public officer. On February 16, 2025, Leland Dudek became the acting Commissioner of Social Security. Pursuant to **Federal Rule of Civil Procedure 25(d)**, Leland Dudek has been automatically substituted as a party.

("EAJA") in February of 2024. Defendant then filed a stipulation for attorney fees [DE 27]. On March 5, 2024, this Court granted the request and awarded Plaintiff $13,500.00 for attorney fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412.

Following this Court's remand, an ALJ approved Plaintiff's claim for Disability Insurance benefits. The Social Security Administration issued a Notice of Award letter dated January 19, 2025. Plaintiff was awarded past-due benefits in the amount of $68,052.70, 25% of which is $17,013.17. Plaintiff agreed to pay Attorney Trzynka 25% of all past-due benefits awarded to him and any beneficiaries by the Administration.

Attorney Trzynka asks the court to authorize an award of attorney fees in the amount of $17,013.17 pursuant to 42 U.S.C. § 406(b). The Commissioner filed a response on March 6, 2025, indicating that he neither supports nor opposes Attorney Trzynka's request for attorney fees. Therefore, the instant motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the amount of time an attorney has spent on a case is excessive in comparison to the past-due benefits. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award

2

offsets an award under Section 406(b)").

Attorney Tryznka requests $17,013.17 in fees, which is 25% of Plaintiff's past-due benefits. Attorney Trzynka contends that the requested fee award is reasonable for the 59.9 hours of legal work she spent representing Plaintiff in federal. Attorney Trzynka's total requested fee would amount to an hourly rate of about $246.00 per hour fee for attorney time. This calculated rate is within the bounds of reasonableness in this district especially considering that these cases are taken on a contingent fee basis.  *See Taylor v. Berryhill*, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018) (collecting cases) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable."); *Lemons v. O'Malley*, 2024 WL 1740917 at *1 (N.D. Ind. Apr. 23, 2024) (granting an award of $26,633.00 in attorney fees). Furthermore, there is no indication of delay in this case. Accordingly, the court finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee. *Gisbrecht,* 535 U.S. at 789. Attorney Tryznka has acknowledged that Plaintiff is entitled to a refund of the $13,500.00 EAJA award that he received.

Based on the foregoing reasons, the court **GRANTS** the Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [DE 29] and **AWARDS** fees to Attorney Ann M. Trzynka in the total amount of $17,013.17.  The court **ORDERS** Attorney Trzynka to refund the plaintiff, Christopher I. Brown, the amount of the previously awarded EAJA fees, $13,500.00, upon receipt of the § 406(b) fees awarded by the court.

ENTERED this 10th day of April, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge